# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * <br> E. S., a minor, by and through <br> her parents, TROY SWEATT and <br> BRITTANY SWEATT, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * * * * * * * * | No. 15-1222V <br><br> Special Master Christian J. Moran <br><br> Filed: September 26, 2016 <br><br> Stipulation; measles-mumps-rubella ("MMR") vaccine; idiopathic thrombocytopenic purpura ("ITP"). |

<u>William E. Cochran, Jr.</u>, Black McLaren, et al., PC, Memphis, TN, for Petitioner;
<u>Robert P. Coleman, III</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On September 23, 2016, the parties filed a joint stipulation concerning the petition for compensation filed by E.S., a minor by and through her parents, Troy Sweatt and Brittany Sweatt on October 20, 2015. In the petition, petitioners alleged that the measles-mumps-rubella ("MMR") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which E.S. received on or about October 30, 2013, caused E.S. to develop idiopathic thrombocytopenic purpura ("ITP"), and that E.S. experienced the residual effects of this injury for more than six months. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of E.S. as a result of her alleged condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that denies that the MMR vaccine is the cause of E.S.'s alleged ITP, or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $45,000.00, which amount represents pain and suffering, in the form of a check payable to petitioners, Troy and Brittany Sweatt, as guardians/conservators of the estate of E.S.**

b. **A separate lump sum of $2,613.00, which amount represents reimbursement for out-of-pocket expenses, in the form of a check payable to petitioners, Troy and Brittany Sweatt, in their individual capacity.**

   **These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-1222V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED**.

                                                            s/Christian J. Moran
                                                            Christian J. Moran
                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| E. S., a minor, by and through her parents, TROY SWEATT and BRITTANY SWEATT,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 15-1222V (ECF)<br>Special Master Moran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor daughter, E.S., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to E.S.'s receipt of the measles-mumps-rubella ("MMR") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. E.S. received MMR; varicella; diphtheria, tetanus, and pertussis; haemophilus influenza type b; and influenza vaccines on or about October 30, 2013.

3. The vaccines were administered within the United States.

4. Petitioners allege that the MMR vaccine caused E.S. to develop idiopathic thrombocytopenic purpura ("ITP"), and that E.S. experienced the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of E.S. as a result of her alleged condition.

6. The Secretary of Health and Human Services ("respondent") denies that the MMR vaccine is the cause of E.S.'s alleged ITP, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), respondent will issue the following vaccine compensation payment:

> A lump sum of $45,000.00, which amount represents pain and suffering, in the form of a check payable to petitioners, as guardians/conservators of the estate of E.S. A separate lump sum of $2,613.00, which amount represents reimbursement for out-of-pocket expenses, in the form of a check payable to petitioners in their individual capacity. These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et. Seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of E.S. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of E.S.'s estate under the laws of the State of Tennessee. No payments pursuant to this Stipulation shall be made until petitioners provide respondent with documentation establishing their appointment as guardians/conservators of E.S.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of E.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of E.S. upon submission of written documentation of such appointment to respondent.

14. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioners, in their individual capacities and as legal representatives of E.S., on behalf of themselves, E.S., and their heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United

States and respondent from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.S. resulting from, or alleged to have resulted from, any of the vaccinations administered on or about October 30, 2013, as alleged by petitioners in a petition for vaccine compensation filed on or about October 20, 2015, in the United States Court of Federal Claims as petition No. 15-1222V.

15. If E.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR vaccine caused E.S.'s alleged ITP, any other injury, or her current disabilities.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of E.S.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_/s/ Troy Sweatt_
TROY SWEATT, on behalf of E.S.

**PETITIONER:**

_/s/ Brittany Sweatt_
BRITTANY SWEATT, on behalf of E.S.

**ATTORNEY OF RECORD FOR PETITIONER:**

_/s/ William E. Cochran, Jr._
WILLIAM E. COCHRAN, JR.
Black McLaren Jones Ryland & Griffee, P.C.
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_/s/ Catharine E. Reeves_
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_/s/ Narayan Nair_
NARAYAN NAIR, M.D.
Acting Director, Division of Vaccine Injury Compensation (DVIC), Acting Director Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau, U.S. Department Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_/s/ Robert P. Coleman III_
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0274

Dated: September 23, 2016